**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4951**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTURTO BAHENA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:19-cr-00001-BO-2)

Submitted:  July 17, 2020                          Decided:  July 29, 2020

Before AGEE and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturto Bahena appeals his 262-month sentence imposed following his guilty plea to two drug trafficking offenses. On appeal, he contests the district court's application of a Sentencing Guidelines enhancement for possession of a dangerous weapon, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). We affirm.

Generally, "[w]e review sentences under a deferential abuse-of-discretion standard." *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019) (internal quotation marks omitted). When considering a Guidelines challenge, "we review the court's factual findings for clear error and its legal conclusions de novo." *Id.* (internal quotation marks omitted).

Under USSG § 2D1.1(b)(1), a two-level enhancement applies if the defendant possessed a dangerous weapon, including a firearm. "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

During a traffic stop of Bahena's vehicle, law enforcement recovered a substantial quantity of methamphetamine, as well as two handguns stowed in the glovebox. Bahena, who was driving, maintains that the firearms belonged to his coconspirator, who was riding in the passenger's seat, and that he was unaware that there were guns in his vehicle.

2

However, under USSG § 2D1.1(b)(1), a defendant can be held accountable for a weapon possessed by his coconspirator, so long as such possession was reasonably foreseeable to the defendant. *United States v. Gomez-Jimenez*, 750 F.3d 370, 381 (4th Cir. 2014). And "absent evidence of exceptional circumstances, it is fairly inferable that a [coconspirator's] possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." *Id.* (brackets, ellipsis, and internal quotation marks omitted). In light of evidence showing that Bahena and his coconspirator had arranged to sell the seized narcotics for more than $50,000, we conclude that it was fairly inferable that the coconspirator's decision to stash two handguns in the glovebox was reasonably foreseeable to Bahena.

Accordingly, we affirm Bahena's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*